# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **CV 18-472-DMG (Ex)** | Date | January 18, 2019 |
|---|---|---|---|
| Title | *1-800 Remodel, Inc. v. Denise J. Bodor* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT STAY THIS ACTION PENDING THE RESOLUTION OF THE STATE COURT PROCEEDINGS

On January 18, 2018, Plaintiff 1-800 Remodel, Inc. filed a Complaint against Defendant Denise J. Bodor, alleging nine causes of action: (1) a request for a declaration that Plaintiff did not violate Title VII of the Civil Rights Act of 1964 or the California Fair Employment and Housing Act ("FEHA"); (2) a request for a declaration that Defendant violated the Defend Trade Secrets Act and California's Uniform Trade Secrets Act, and for an injunction relating thereto; (3) a cause of action for misappropriation of trade secrets under DTSA and CUTSA; (4) a claim under the Computer Fraud and Abuse Act; (5) fraud; (6) breach of fiduciary duty; (7) breach of duty of loyalty; (8) conversion; and (9) unjust enrichment. [Doc. # 1.] On January 24, 2018, Defendant filed a Complaint against Plaintiff and other persons in Los Angeles County Superior Court, alleging only state-law claims including (*inter alia*) multiple FEHA causes of action. [Doc. # 10-4 at 13–31.] On October 17, 2018, the Court granted in part and denied in part Defendant's motion to dismiss the Plaintiff's Complaint. [Doc. # 19.] On November 28, 2018, Defendant filed an Answer to the Complaint. [Doc. # 20.]

On January 18, 2019, the Court held a scheduling conference at which Plaintiff's counsel made certain representations suggesting that this case is largely duplicative of the pending state court action (*e.g.*, Defendant raises many of the same claims in both actions). Although the Court knew of the pendency of the state court proceedings when it ruled on Defendant's motion to dismiss, it was not aware of the precise scope of the state court action. If this case is in fact duplicative of the state court action, then the Court has the discretion to stay the instant proceedings. *See Janopaul + Block Cos., LLC v. St. Paul Fire & Marine Ins. Co.*, 830 F. Supp. 2d 976, 980 (S.D. Cal. 2011) ("In certain situations . . . a dismissal or stay of the federal action until the determination of a parallel action pending in state court may be warranted as a matter of discretion under the equitable doctrine of abstention."). Although the parties have informed this Court that a dismissal order is currently pending in state court, it is unclear to the Court why the state court proceedings should be dismissed when this federal case is a duplicative action for declaratory judgment.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **CV 18-472-DMG (Ex)** | Date | January 18, 2019 |
|---|---|---|---|
| Title | *1-800 Remodel, Inc. v. Denise J. Bodor* | Page | 2 of 2 |

     Accordingly, the Court **ORDERS** the parties to show cause why the Court should not stay this action pending the resolution of the parallel state court proceedings, especially since that proceeding apparently encompasses not only all the claims asserted in this action but additional claims which are not currently pled herein. The parties shall file their respective responses to this Order **by January 25, 2019.** In lieu of formal responses, the Court will accept a joint stipulation requesting a stay of this action pending the conclusion of the state court action.

**IT IS SO ORDERED.**